JOHN F. RAIFORD *v.* STATE OF MISSISSIPPI.

[39 South. Rep., 897.]

CRIMINAL LAW. *Trespasses. Inclosed land. Code* 1892, § 1320. *Title.*
The title to the land is not involved in a prosecution, under Code 1892, § 1320, making it a misdemeanor to go upon inclosed land in the possession of another, after notice not to do so.

FROM the circuit court of Covington county.

HON. JOHN R. ENOCHS, Judge.

Raiford, the appellant, was prosecuted before a justice of the peace for violating Code 1892, § 1320; was there convicted; appealed to the circuit court, where he was again tried and convicted, and appealed to the supreme court.

The code section is in words following:

"If any person shall go upon the inclosed land of another without his consent, after having been notified by such person or his agent not to do so, either personally or by published or posted notice, or shall remain on such land after a request by such person or his agent to depart, he shall, upon conviction, be fined

not more than fifty dollars for such offense. The provisions of this section shall apply to land not inclosed where the stock law is now in force."

Hamilton, the prosecutor, went into possession by homestead entry from the United States government of the land in question and made improvements thereon. Raiford, the appellant, contested his entry, and at the time of the trial of this case in the court below the contest was still pending. Part of the premises which Hamilton claimed was uninclosed, and on this uninclosed part Raiford had erected a house and leased it to a tenant, Rowell. The inclosed portion, which Hamilton had improved, was being cultivated by him and one Rials, who lived there with Hamilton's consent; and while Hamilton was plowing in the field, Raiford, with a companion, opened the gate and came on the inclosed premises with a horse and plow and began plowing. Hamilton warned him not to come, and told him that he lived there and claimed that as his residence, and if he did not leave he would resort to legal measures and have him ejected. Raiford refused to go, claiming that he had permission of Rowell to go upon the property, as Rowell was his tenant, and that he also had the permission of Rials to come upon the inclosed portion, which Rials was working. On the trial of the case in the circuit court, after the evidence for the state was in, the defendant asked for peremptory instruction, which was refused. Raiford testified in his own behalf, and offered in evidence the contract between himself and Rowell, which was read to the jury over the objection of the state. He then offered to read in evidence a certificate of entry and receipt of the receiver of public moneys and documentary evidence of the contest in the United States land department, all of which was excluded by the court, and defendant excepted.

*Corley & Sharbrough,* for appellant.

Appellant was unjustly convicted in this cause, and entitled to a new trial; the crime alleged against him being trespass on

inclosed premises of another, after being forbidden to enter.
The evidence goes to show that this is a homestead, just entered
by appellant from the United States government; that he con-
tested Hamilton's entry, and won in every instance; that he
entered the land and moved thereon, as he had a right to do;
that after this entry, Hamilton contested his entry and lost and
appealed, and that this appeal was then pending before the
general land commissioner. Appellant, in his testimony, states
that he never saw Hamilton on the premises during the whole
time he was there; and for Hamilton or any one else just to say,
"I have possession," whether he has or not, and at the same time
live at another place, miles away, and sustain a prosecution
against an entryman of United States government land, when
all the departments of the land office had just decided that he
was not entitled to it because he had abandoned it, seems an in-
justice to us.

*McIntosh Bros.,* on same side.

A trespass on the part of Hamilton cannot be dignified into
an actual possession of the premises, such as was intended to be
protected by our statute; on the contrary, all the facts taken to-
gether in this case show that Hamilton was always a trespasser,
after the determination of the contest by Raiford against him,
and when Rials surrendered possession of the premises to Rai-
ford and he went into actual possession, then he was no more
liable under this statute for disobeying Hamilton's order not to
come into the inclosure when he returned to his work than any
other farmer would be for refusing to obey the order of a tramp
whom he might find asleep at his plow stock when he returns to
labor from his noon meal.

*R. V. Fletcher,* assistant attorney-general, and *Watkins &
Watkins,* for appellee.

This court has decided, in *Knight* v. *State,* 64 Miss., 802,
that the only question involved in a prosecution under Code

1892, § 1320, is one of fact—that is, the possession; the question of title will not be dealt with. It is the possession which the statute is intended to protect, and further than the possession the inquiry of the court will not be extended. The facts having been decided against the appellant by the jury, we may, in considering the cause, take as true those facts supporting the state's theory of the case. And these facts abundantly support the conviction.

Argued orally by *W. H. Watkins,* for appellee.

CALHOON, J., delivered the opinion of the court.

The verdict of the jury puts appellant precisely in the category denounced by Code 1892, § 1320. The statute applies to persons going on inclosed land after notice not to do so, when the land is in the possession of another and title is not involved. *Knight* v. *State,* 64 Miss., 802 (2 South. Rep., 252). Possession can be ousted properly only by legal proceedings terminated by process.

*Affirmed.*