## LOTT *v.* STATE.

(Division B.   Feb. 9, 1931.)

[132 So. 336.   No. 29222.]

L. B. Melvin, of Laurel, for appellant.

**Eugene B. Ethridge**, Assistant Attorney-General, for the state.

Argued orally by **L. B. Melvin**, for appellant, and by **Eugene B. Ethridge**, Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was convicted in the circuit court of Leake county of a criminal trespass, and fined twenty-five dollars and the court costs. From that judgment, he prosecuted this appeal.

Appellant was a member of the firm of Lott Furniture Company, a partnership doing business in the town of Philadelphia, in Neshoba county. The firm were retail furniture and household goods dealers. The Pearl River Valley Lumber Company owns and operates a logging camp in Leake county near the town of Carthage. This logging camp is near the main public highway leading from Carthage to Edinburg. The camp lands and houses located thereon are owned by the Pearl River Valley Lumber Company, and are occupied by its logging hands, who pay therefor a weekly rental which the lumber company reserves out of their wages. The camp is laid off into lots and streets and alleys, and consists of something like one hundred and fifty tenant houses. In other words, the camp is a little rural village, unincorporated, however, as a municipality. The tenant houses are facing the streets. Some of the tenants of the lumber company had bought furniture and other household goods from appellant's firm. Appellant, at the time of the alleged trespass, was traveling along the streets of the camp, making deliveries of such purchases. There were signboards posted about on the streets of the camp containing this language: "Book agents and peddlers not allowed on these grounds. Inquire at office."

The lumber company had warned appellant to keep out of its camp; appellant refused to regard the warning; and thereupon the lumber company charged appellant with the crime of trespass.

The lease contracts between the lumber company and its tenant logging hands were not in writing, but verbal.

They contained no express limitation on the use by the tenants of the homes leased, or .of the streets and alleys of the camp. The only limitation relied on by the lumber company. was the posted notices above referred to. The evidence showed, without conflict, that the public used the streets of the camp in social and business intercourse with the tenants of the lumber company to the same extent as if the camp were a regular municipality.

The court refused the appellant's request for a verdict of not guilty. That action of the court, among others, is assigned and argued by appellant as error. Appellant's contention is that, taking as established every material fact which is shown by the evidence either directly or by reasonable inference, under the law, he was not guilty of trespass.

The statute under which appellant was prosecuted is section 1394 of the Code of 1906, brought forward as section 1168 of the Code of 1930, which follows:

"If any person shall go upon the inclosed land of another without his consent, after having been notified by such person or his agent not to do so, either personally or by published or posted notice, or shall remain on such land after a request by such person or his agent to depart, he shall, upon conviction, be fined not more than fifty dollars for such offense. The provisions of this section shall apply to land not enclosed where the stock law is in force."

The purpose of the statute was to protect persons in the actual possession of inclosed lands, whether they have title or not. Neither the title nor the rightfulness of the possession can be inquired into in a prosecution for trespass. Knight v. State, 64 Miss. 802, 2 So. 252; Raiford v. State, 87 Miss. 359, 39 So. 897.

The general rule is that those rights essential to the enjoyment of leased premises pass as appurtenances thereto. Among such rights are those of ingress and

egress by the usual ways, although they are not specified in the lease contract. Where the owner of land leases it without reservation of any part thereof, the status of the tenant is very similar to that of a purchaser. The landlord has nothing to do with the rights of third persons who go upon the premises, provided they commit no trespass amounting to an injury to the landlord's rights in the land. One entitled to the possession of the land is for the time being entitled to its undisturbed enjoyment, regardless of who the true owner is. In the absence of a special contract containing such a limitation on the lease, the landlord has no right to forbid a person to go on the premises, where such person has been invited by the tenant for a lawful purpose. The tenant has a right to select his own guests, as well as the persons with whom he desires to have lawful business transactions. The tenant has a right to have all such persons come upon the leased premises at such time as may suit their convenience and that of the tenant. The right of the tenant to the undisturbed enjoyment of the leased premises carries with it freedom from dictation by the landlord in reference to such matters. 36 C. J., p. 33, section 634; Konick v. Champneys, 108 Wash. 35, 183 P. 75, 6 A. L. R. 459, and especially the annotation to this case, beginning at page 465 of 6 A. L. R.

We have reference to the lawful use of the premises by the tenant—not their unlawful use. The evidence in this case showed that appellant, in going upon the lumber company's camp, was engaged in a perfectly lawful enterprise. He was selling and delivering goods to the tenants of the lumber company, and was using the streets and alleys of the camp, as well as the premises occupied by the tenants, in carrying on such business. To say the least of it, in order to subject appellant to a prosecution for a criminal trespass, the lumber company would have to put into their lease contracts an express

provision so limiting them. And we do not want to be understood as deciding that such a provision in the contract would be valid.

Reversed, and appellant discharged.