[No. 15337.   Department Two.   July 31, 1919.]

# B. A. KONICK, *Appellant,* v. WELDON V. CHAMPNEYS, *Respondent.*[1]

PLEADING (90)—DEMURRER—SEPARATE CAUSE OF ACTION.   A demurrer for improperly uniting two causes of action, must, under Rem. Code, § 259, subd. 5, be sustained, unless the complaint did not state sufficient facts to constitute one of the causes attempted to be stated.

ASSAULT AND BATTERY (2)—PLEADING—COMPLAINT.   A complaint for assault and battery states a cause of action where it alleges that the owner of an apartment house wantonly and unlawfully assaulted and beat the plaintiff, a grocer, when he attempted to make delivery of goods sold to the defendant's tenant.

LANDLORD AND TENANT — INJUNCTION — RIGHTS OF THIRD PERSONS—INVITEE.   A grocer delivering goods to tenants in an apartment house is an invitee as distinguished from a licensee, and has the right to use the entrance-ways to the building, and can enjoin the landlord from interfering with such right of entry.

INJUNCTION (49)—PLEADING—INTERFERENCE WITH WAY.   A complaint for an injunction is sufficient where, although somewhat meager, it alleges that the defendant wrongfully refuses to allow the plaintiff to enter defendant's apartment house for the purpose of making delivery of goods sold to tenants in the building.

ACTIONS (23)—JOINDER OF CAUSES—"SAME TRANSACTION."   A cause of action for an assault and battery upon a grocer while entering the defendant's apartment house to deliver goods does not arise out of the "same transaction," within Rem. Code, § 296, and therefore cannot be united with a cause of action to enjoin interference with plaintiff's right of entry.

Appeal from a judgment of the superior court for King county, Hall, J., entered January 22, 1919, upon sustaining a demurrer to the complaint, dismissing an action for an injunction and for damages.   Affirmed.

*Million & Houser,* for appellant.

*George B. Cole* and *John Wesley Dolby,* for respondent.

[1]Reported in 183 Pac. 75.

FULLERTON, J.—To the complaint of the plaintiff in this action, the defendant interposed a demurrer on the grounds (1) that several causes of action have been improperly united, and (2) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained by the trial court, whereupon the plaintiff elected to stand thereon and not plead further. The court then entered a judgment dismissing the action with costs, from which judgment the plaintiff appeals.

The complaint, omitting the formal parts, is as follows:

"(1) That, at all the times hereinafter mentioned, the plaintiff has been, and is now, engaged in the occupation and business of carrying on and conducting a retail grocery store at 277 Bellevue Ave., North, in Seattle, King county, Washington.

"(2) That, at all the times hereinafter mentioned, the defendant is the owner, manager and has charge of that certain apartment house known as the 'Carlyle Apartments,' situated at 320 Summit Ave., North, in the city of Seattle, King county, Washington.

"(3) That heretofore on the..........day of October, 1917, the plaintiff received by phone, an order from one of the tenants or occupants of the apartments in said Carlyle apartment house for groceries, and the plaintiff answering said call and order, went personally to said apartment house for the purpose of making delivery of said groceries, whereupon the defendant met the plaintiff at the rear entrance of said apartment house, the same being the customary place for the delivering of such articles as groceries, and thereupon the defendant did, in a rude, insolent, angry and contemptuous manner forbid plaintiff entering said apartment house or making said deliveries, and did wantonly, recklessly and unlawfully then and there assault, beat and bruise the plaintiff, by shaking him, pulling his ears and talking to him in a loud, insolent and boisterous manner, and did with force prevent the plaintiff entering said premises and apartment house.

"(4) That by reason of the said conduct of the said defendant, plaintiff suffered great pain and anguish of body and mind, all to his great damage in the sum of five hundred ($500) dollars.

"(5) That the plaintiff has several customers in said apartment house, and at whose invitation the plaintiff is anxious and willing to sell his goods, wares and merchandise, but that the defendant wrongfully refuses to allow the plaintiff to enter upon said premises, or to deliver groceries to his tenants in the said apartments, and threatens to do the plaintiff great bodily harm should he attempt to make delivery thereof, thereby damaging plaintiff's business, but such damages are uncertain and difficult to ascertain and are, therefore, irreparable.

"Wherefore, plaintiff prays for a judgment and decree of this court as follows:

"First: Awarding plaintiff damages in the sum of five hundred ($500) dollars.

"Second: For a permanent injunction enjoining the defendant from in any manner interfering and molesting plaintiff or preventing him from making deliveries of groceries in the usual, customary and ordinary manner to tenants in said apartment house, and that plaintiff have any other and further and different relief to which he may be entitled."

The record does not disclose the grounds upon which the trial court sustained the demurrer. A due determination of the issue joined, however, requires a consideration of both of the grounds stated therein. There was plainly an attempt to state two causes of action. If, therefore, the pleader succeeded in stating two causes of action and these causes are improperly united, the demurrer was rightly sustained, since the code expressly makes the improper uniting of two or more causes of action a ground for demurrer. Rem. Code, § 259, subd. 5. If, on the other hand, the pleader stated one good cause of action but failed in his facts as to the other, it was the duty of the court to overrule

the demurrer and retain the case for trial upon the cause of action well stated. The allegations made in the attempt to state the other cause of action would be irrelevant and redundant matter, which it is the office of a motion, not a demurrer, to reach. Rem. Code, § 286.

The first question to be considered then is, are there two causes of action stated in the complaint. That there is a cause of action stated for personal injuries arising from an assault and battery, can hardly be doubted. The allegations are that the appellant, a grocer, received an order for groceries from a tenant in the respondent's apartment house; that he went personally to 'the apartment house to make delivery of the groceries, and was met by the respondent at the rear entrance to the house, the same being the customary place for the delivery of such articles as groceries, and was there wantonly and unlawfully assaulted and beaten by the respondent, to his damage in a stated sum of money. There is nothing to show that he had been theretofore forbidden to enter the premises for the delivery of groceries, or that he was acting otherwise than in an orderly and peaceful manner. Plainly, therefore, he had an implied license to enter for the purposes intended, or, at least, was not a trespasser in so doing, and the respondent had no cause to assault and beat him for making the attempt. More than this, it is alleged that the assault was wanton and unlawful. If this be true, and for the purposes of the demurrer it must be so considered, the assault gave rise to a cause of action, even though the attempt to enter the building to deliver the groceries was wrongful, since these words negative the presumption that the assault and battery may have been necessary to prevent a wrongful act.

Is there stated a cause of action for injunctive relief?

It is a well settled rule that, when the owner of a building fits it up for business or office uses and leases rooms therein to tenants, retaining control over the entrance-ways to such rooms, he impliedly invites all persons to enter the building whose entry is naturally incident to the business carried on by the tenant.

"The rule of implied invitation may be stated as follows: Invitation as distinguished from mere license is implied by law only when the visitor comes for some purpose connected with the business in which the owner or occupant is there engaged or which he permits there to be carried on, and there must be some real or supposed mutuality of interest in the subject to which the visitor's business relates." *Gasch v. Rounds,* 93 Wash. 317, 160 Pac. 962.

It is a well settled rule, also, that the duty of care which the owner of such a building owes to invitees differs from the duty of care he owes to a mere licensee. If the building be open and there is nothing to indicate that strangers are not wanted, any person may enter without becoming a trespasser, but the owner owes him no duty of care other, perhaps, than the negative one of not wantonly injuring him. To the invitee, however, he owes the same duty of care that he owes to the tenant; he must keep the ways reasonably safe for him and must permit entry at all reasonable hours. *Gasch v. Rounds, supra; Stanwood v. Clancey,* 106 Me. 72, 75 Atl. 293, 26 L. R. A. (N. S.) 1213.

The rule presupposes, of course, that the invitee enters at a reasonable hour, conducts himself in an orderly manner, and, as said in the case cited from this court, enters on some business in which the tenant has an interest. In the case where the tenant is a lawyer, doctor, architect, or other professional man, the rule would include a person who enters to consult

him on professional business, and in the case of a manufacturer of or dealer in commodities, would include a person entering for the purpose of dealing with relation to such commodities. It would not, however, include a peddler or solicitor, or a person seeking a purchaser for something he had to sell. Such persons, even if they are expressly permitted to enter onto the premises, are mere licensees, and their right of entry is subject to be revoked by the owner at any time and for any cause that may seem to the owner sufficient.

It follows from these principles, we think, that an invitee has privileges in the premises which he can enforce in his own right. Certainly, under all of the cases, he can recover for personal injuries suffered by him caused by the negligence of the owner; and it would seem equally plain that, if his right of entry is wrongfully interfered with by the owner, he can have, at least as the practice is administered in this state, injunctive relief against the denial of the right.

The legal status of the owner of an apartment house is not essentially different from that of the owner of office or business buildings generally. Such a house has been defined as a building arranged in several suites of connecting rooms, each suite designed for independent housekeeping, but with certain mechanical conveniences, such as heat, light or elevator services, in common to all families occupying the building. *Kitching v. Brown,* 180 N. Y. 414, 73 N. E. 241, 70 L. R. A. 742. The owner of such a building, when he leases the rooms therein for the purposes intended, confers rights in the tenants not only in the rooms actually leased, but rights in the common entrance-ways to such rooms, notwithstanding he may have retained control of them for the common use of all of his tenants. Since the leasing is for housekeeping pur-

poses, among these rights is the right to carry through such entrance-ways the commodities necessary for the sustenance of the tenants. Having this right, the tenant can, in the absence of a special covenant to the contrary, confer it upon another, and that other, when the right is so conferred, becomes an invitee of the owner. The rule applies to a grocer from whom groceries are ordered, when ordered with the understanding or agreement that they shall be delivered. He has business with an occupant of the building, in which business the occupant has an interest. It is not, of course, intended to be said that the owner of an apartment house may not make reasonable regulations governing the use of the entrance-ways to the building. He may, as he seems to have done in this instance, provide a place for the delivery of commodities to his tenants, and require such commodities to be delivered at that place, and, as before indicated, can require entrance to be made at reasonable hours and in an orderly manner; and it may be, also, that, for just cause, he can forbid a particular person or particular persons from entering. But the regulations must be reasonable, they must not be so stringent as to amount to a practical denial of the right.

In the light of these considerations, we think the complaint, although somewhat meager in its allegations, states facts sufficient to sustain a judgment awarding injunctive relief. The complaint, therefore, states two causes of action, and the question arises, are they improperly united. The appellant argues that they are not, and calls to his assistance that section of the code which permits two or more causes of action to be united in one complaint when they arise out of the same transaction. Rem. Code, § 296. But we cannot think the statute aids the appellant. Discussing this provision of the statute, Mr. Pomeroy, in

his work on Remedies and Remedial Rights (3d ed.), § 474, says:

"It is clear that every event affecting two persons is not necessarily a 'transaction' within the meaning of the statute; indeed, the word·as used in common speech has no such signification. 'Transaction' implies mutuality, something done by both in concert, in which each takes some part. Much less can it be said that, because two events occur to the· same persons at the same time, they are necessarily so connected as to become one transaction. The case cited above, in which a cause of action for an assault and battery and one for a slander were united, illustrates this statement. Two events happened simultaneously, the beating and the defamation, but neither was a 'transaction' in any proper sense of the word. The wrong which formed a part of one cause of action was the beating; that which formed a part of the other was the malicious speaking. The plaintiff's primary rights which previously existed were broken by two independent and different wrongs. The only common point between the causes of action was one of time; but this unity of time was certainly. not a 'transaction.' Much of the difficulty in construing this language has resulted, I think, from a failure to apprehend the true nature of a 'cause of action,' from a forgetfulness that it includes two factors. — the primary right and the wrong which invades it. A 'cause of action' cannot be said to 'arise out of' an event, when the event produces or contains but one of these factors,—the delict or wrongful act."

The case referred to in the quotation is *Anderson v. Hill,* 53 Barb. (N. Y.) 238. The complaint united a cause of action for an assault and battery and one for slander, alleging that the defamatory words were uttered while the beating was in actual progress. To a demurrer for a misjoinder, it was answered that both causes of action arose out of the same transaction. Passing upon the question, the court said:

"It is claimed, however, by the plaintiff's counsel, that the assault and battery, and the slander arose out of the same transaction, inasmuch as both causes originated or occurred, at the same period of time, and therefore both belong to the first class. This is what is held in *Brewer v. Temple*, (*supra.*) But it by no means follows that because the two causes of action originated, or happened, at the same time, each cause arose out of the same transaction. It is certainly neither physically nor morally impossible that there should be two transactions occurring simultaneously, each differing from the other in essential attitudes and qualities. As here, the transaction out of which the cause of action for the assault springs, is the beating, the physical force used; while the transaction out of which the cause of action for slander springs, is not the beating, or the force used, but defamatory words uttered. The maker of a promissory note might, at the very instant of its delivery and inception, falsely call the payee a thief; and yet who would say that the two causes of action arose out of the same transaction. It has been held that a contract of warranty and a fraud practiced in the sale of a horse, at the same trade, did not arise out of the same transaction, so as to be connected each with the same subject of action, and that a complaint containing both causes of action was demurrable. (*Sweet v. Ingerson,* 12 How. Pr. 331.) This was a general term decision, and of course as authority, has greater weight than that of *Brewer v. Temple.* Assault and battery and slander are as separate and distinct causes of action as any two actions which can be named. True they are both torts, but they do not belong to the same category or class, either at common law or by the Code. Indeed the Code, in express terms, enumerates and classifies them separately. The subjects of the two actions are not connected with each other. Each subject of action is as distinct and different from the other as the character of an individual is from his bodily structure. The question is not whether both causes of action sprung into existence at the same moment of time. Time has very little to do in solving

the real question.   The question is, did each cause of action accrue or arise out of the same transaction, the same thing done?   It is apparent that each cause of action arose, and indeed must necessarily have arisen out of the doing of quite different things, by the defendant.   Different in their nature, and all their qualities and characteristics, and inflicting injuries altogether different and dissimilar.   The same evidence would not sustain either cause of action, and they may require different answers."

Within the principles here announced, the complaint plainly improperly unites two causes of action; and since the code, as we have shown, makes the improper uniting of two or more causes of action a distinct ground of demurrer, the demurrer was properly sustained.

The judgment is affirmed.

MOUNT and PARKER, JJ., concur.