Seabrook, Appellant, *v.* Betz.

334

Argued April 28, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*H. I. Koplin,* with him *Graham, Garaguso & Foley,* for appellant.—Where one receives money or property on the promise to pay or deliver to a third person, even though that third person was not a party to the contract, he may be fairly said to be party to the consideration on which it rests. In good conscience the title to the money or thing which is the consideration of the promise passes to the beneficiary and the promissor is turned in effect into a trustee: Sweeney v. Houston, 243 Pa. 542; Tasin v. Bastress, 268 Pa. 85.

Where there is a conversion there is an implied sale, and, waiving the tort, an action of assumpsit for goods sold and delivered can be maintained on the implied contract: Bailliet v. Brown, 103 Pa. 546; Rees v. Exposition Society, 44 Pa. Superior Ct. 381.

Where there is a mere misjoinder, it is respectfully submitted that the court should not properly enter judgment on the merits as to that portion of the claim alleged to be merely misjoined.

The fundamental right of plaintiff to recover for the conversion of her furniture should not be concluded by the court. The unqualified finding against the plaintiff on the merits as to the claim alleged to be misjoined, would defeat her right to recover in any other proceeding.

In any event, the judgment of the court below must be modified. It is further submitted that as to the alleged misjoinder, the order of the court below should be specific and should only be interlocutory as to that portion of the claim which is alleged to be in tort.

*Samuel Kagle,* with him *George C. Klauder* for appellee.—Plaintiff cannot recover upon an oral promise to answer for the debt of another because her claim is barred by the statute of frauds: Riley v. Kahan, 68 Pa. Superior Ct., 415; Sweeney v. Houston, 243 Pa. 542.

The claim for damages for the value of the personal property was improperly joined in an action of assumpsit: Rees v. Exposition Society, 44 Pa. Superior Ct., 381; Boyer v. Bullard, 102 Pa. 555; Weiler v. Kershner, 109 Pa. 219; Bethlehem v. Fire Co., 81 Pa. 445; Parry v. Bank, 270 Pa. 556.

OPINION BY MR. JUSTICE MAXEY, June 30, 1932:

Plaintiff brought an action in assumpsit against the defendant to recover the sum of $3,833 with interest. In her statement she joined two separate causes of action, one arising ex contractu, and the other ex delicto. Defendant filed an affidavit of defense raising questions of law. This was sustained and judgment entered for defendant. Plaintiff appealed.

In her statement, plaintiff averred that she loaned her daughter, Mary S. Brill, sums of money aggregating $1,385 to enable the latter to equip a tea room. A short time afterwards the daughter married the defendant, and about five weeks later, the defendant took over his wife's tea room and then sold the furniture, assets and

good-will. At the time defendant took over the tea room, plaintiff presented to the defendant a note for $1,385 which plaintiff's daughter had given her as evidence of the indebtedness of the sums of money advanced. Plaintiff's statement avers that this "note defendant orally promised and agreed to pay out of the assets of the business, when it was sold."

While Mary S. Brill was conducting the tea room the plaintiff also loaned her various articles of furniture. These articles were in the shop at the time possession of the shop was taken by defendant, and, prior to the sale of the shop, the defendant orally agreed to return to the plaintiff all of these articles. The value of these articles was $2,448. Plaintiff avers that constant demand for the return of these articles has been made, but defendant has wholly failed and refused to return them. In the affidavit of defense raising questions of law, it is set forth that the first cause of action avers a verbal promise by the defendant to pay the debt of another, and yet no averment is made that there was any memorandum in writing of the agreement or any consideration and no averment as to the date, terms or character of the note which plaintiff claims was delivered to the defendant upon defendant's verbal promise to pay the amount thereof and no copy of the note is attached to the statement of claim, and no averment is made that efforts to collect from the principal debtor have been exhausted. The affidavit also avers that the cause of action arising from the failure of the defendant to return certain chattels is not a cause of action that can be prosecuted in an action of assumpsit, and further that plaintiff is pressing two unrelated claims in one action. The court below held that there was a joinder of two distinct causes of action and cited the established proposition that a cause of action arising ex contractu cannot be joined with a cause of action arising ex delicto: 1 C. J., pages 1065, 1066, paragraph 209.

Under the Act of 1887, P. L. 271, the actions of debt, assumpsit, or covenant are consolidated into one form of action called an "action of assumpsit," and actions of trespass, trover or trespass on the case must be brought in the one "action of trespass."

The defendant properly attacked the misjoinder in plaintiff's statement by an affidavit of defense raising questions of law under the Practice Act of 1915; formerly this question would have been raised by demurrer: Walnut Coal Company v. Pennsylvania Railroad Co., 237 Pa. 410, 85 A. 440; Rice v. Erie Railroad Co., 271 Pa. 180, 114 A. 640.

However, it is a rule of law that "if the pleader attempts to state a second cause of action and fails to do so, there is no misjoinder, as but one good cause of action is stated": 14 Standard Enc. of Proc. 648; Sullivan v. N. Y., N. H. & H. R. R. Co., 11 Fed. 848.

There is no doubt that the first cause of action of the plaintiff is insufficiently stated; as now stated, it is within the prohibitions of the statute of frauds as being a promise to answer for the debt of another without there being any memorandum in writing of this agreement, signed by the party to be charged therewith, or some other person by him authorized. In Nugent v. Wolfe, 111 Pa. 471, 480, 4 A. 15, this court said: "It is very evident that the statute [of frauds] was not intended to apply except in cases where, in addition to the promisor and promisee, there is also a third party to whose debt or undertaking the agreement of the promisor relates, and not even then unless the liability of the third party continues. In other words, the agreement, to be within the purview of the statute, must in a certain sense be a collateral and not an original undertaking. Independently of the debt or liability of the third party, there must, of course, be a good consideration for the collateral or subordinate agreement, such for example as a benefit or advantage to the promisor; or an injury to the promisee. It is difficult, if not impossible, to for-

mulate a rule by which to determine in every case whether a promise relating to the debt or liability of a third person is or is not within the statute, but as a general rule, when the leading object of the promise or agreement is to become guarantor or surety to the promisee, for a debt for which a third party is and continues to be primarily liable, the agreement, whether made before or after or at the time of the promise of the principal, is within the statute, and not binding unless evidenced by writing. On the other hand, when the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute." It may be that in the case now under consideration that the leading object of the promisor, that is, the defendant, in making the promise alleged, was to subserve some interest or purpose of his own, but if so, this fact is not pleaded. There are other facts which if pleaded and proved, could take the agreement out of the statute of frauds. Where a specific sum of money or specific goods are placed in the hands of a promisor out of which he is to pay a debt or where one buys out the stock of a tradesman and agrees, as the consideration for the purchase, to take the place, fill the contracts and pay the debts of the vendor, the cases are not within the statute of frauds. In such cases a creditor of the vendor has a right of action to compel payment in accordance with the terms of the agreement: C. Kenyon Co. v. Sutton, 50 Pa. Superior Ct. 445; Sweeney v. Houston, 243 Pa. 542, 90 A. 347.

If the defendant bought out the business of his wife and as a consideration therefor agreed to pay his wife's debt of $1,385, that fact is not pleaded. As the record stands, there is only one good cause of action pleaded in this statement. This being so, there is no misjoinder.

"It is only where the complaint states two or more good causes of action that a demurrer will lie for this cause [misjoinder]; not where an unsuccessful attempt

is made to state a second cause": 21 R. C. L. 523, section 84.

In Rhodes v. Terheyden, 272 Pa. 397, 401, 116 A. 364, this court said: "The question to be decided under section 20 of the [Practice] act, which provides only 'a substitute......for the common law demurrer' (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381 [113 A. 433]), is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a 'question of law,' that plaintiff is not entitled to recover." In the same case the court also said: "The doubt should be resolved against entering summary judgment, the power so to do being intended only for clear cases......Any other conclusion would be a reversion to the practice,—common in ancient days, but happily not now,—of making the rights of litigants depend on the skill of the pleader, rather than on the justice of their claims."

We think that in the case before us, the decision of the questions raised by the affidavit of defense did not dispose of the whole of plaintiff's claim, and therefore the judgment should not have been entered for the defendant, but the court should, as the act provides, have made "such other order as may be just." In this case justice requires that the plaintiff be given an opportunity to amend her statement.

The judgment is reversed with a procedendo.