## DAIRYMEN'S CO-OPERATIVE SALES CO.
## v. MARYLAND CASUALTY CO.
### No. 7294.

District Court, W. D. Pennsylvania.

Dec. 3, 1934.

Kountz & Fry, of Pittsburgh, Pa., for plaintiff.

R. A. Applegate and Rose & Eickenauer, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The action in this case is to recover the amount of a surety bond, or contract of insurance, in the sum of $5,000. The defendant filed an affidavit of defense raising questions of law, which is now before us for decision. The affidavit of defense was filed prior to an amendatory or supplemental statement of claim. Both parties, in their oral and written arguments, treated the affidavit of defense as applicable to the original statement of claim and the amendatory or supplementary statement of claim. It will be so considered by the court. In considering whether the statement of claim is sufficient, it should be so held, unless the facts averred disclose that the plaintiff is not entitled to recover. Seabrook v. Betz, 308 Pa. 333, 339, 162 A. 260; Winters v. Pennsylvania Railroad Co., 304 Pa. 243, 246, 155 A. 486.

The statement of claim with the amendment thereto, discloses the following facts:

That plaintiff is a corporation of the state of Ohio, and is composed of farmers and producers of milk; that the Maryland Casualty Company is a company engaged in the business of becoming surety on indemnity bonds, or contracts of insurance; that the Frederick Dairy Company is a retailer of milk and cream, located in the state of Ohio; that plaintiff and the Frederick Dairy Company, January 1, 1925, entered into a contract by which the dairy company agreed to purchase milk and cream from the plaintiff, deliveries to be made by the producers thereof; that the dairy company would pay the producers and shippers on or before the 20th day of each month for all milk, cream, and other products received by it during the preceding month; that the dairy company would pay to the plaintiff direct, the plaintiff's commission or fees due it from the shippers or producers; that this contract continued in effect until on and after the obligation of the defendant to pay on the bond, hereinafter stated, arose; that on October 1, 1925, the dairy company, as principal, and the defendant, as surety, executed to the plaintiff a bond in the sum of $5,000, which bond recited the aforesaid contract and provided further:

"Now, therefore, if the said Frederick Dairy shall, during the term of said contract, well and truly pay or cause to be

paid, to the said Dairymen's Co-operative Sales Company, the amount or amounts due them under the terms of said contract at the times aforesaid, then this obligation to be void; otherwise to remain in full force and effect.

"Provided, however, and upon the following further express conditions:

"First: That in the event of any failure on the part of the Principal to make payments required under the terms of this contract, written notice thereof, with a verified statement of the facts showing such default and the date thereof, shall, within ten (10) days after such default, be delivered to the Surety at its office in Baltimore, Maryland.

"Second: That the Surety shall have the right to terminate its suretyship under this obligation by serving notice, in writing, of its election so to do, upon said Obligee, or his or its lawful representative, and thereupon the said Surety shall be discharged from any and all liability hereunder for any default of the Principal occurring after the expiration of ten (10) days after the service of such notice."

That this bond is still in force; that the dairy company made default in the payments under the aforesaid contract; that said default began in January, 1931, and continued until March 20, 1932, and thereafter; that notice of said default was given to the defendant April 1, 1932, and that this notice was the only notice given.

This action is brought by reason of default in payments alleged to have been made for deliveries in the months of February and March, 1932. Subsequent to the bringing of this action the plaintiff procured assignments to it from the producers of milk for the amount due said producers from the dairy company.

Defendant contends that the plaintiff is precluded from recovery in this action because of its admitted failure, for a period of over one year, to give notice to defendant of the continued failure of the Frederick Dairy Company to make payments, as provided for in the bond. The defendant being a compensated surety, the rule of strictissimi juris does not apply. Hartford Accident & Ind. Co. v. Federal Bond & Mortgage Co., 59 F.(2d) 950 (C. C. A. 8); Maryland Casualty Co. v. Dunlap, 68 F.(2d) 289 (C. C. A. 1); City of Philadelphia v. Fidelity & Deposit Co. of Maryland, 231 Pa. 208, 80 A. 62; United States Fidelity & Guaranty Co. v. Pressed Brick Co., 191 U. S. 416, 426, 24 S. Ct. 142, 48 L. Ed. 242. The bond in this case is short, containing only two conditions, which are expressly made conditions therein—one requires a ten days' notice of any default to make payments as provided for in the contract (which is made a part of the bond), the other gives the surety the right to terminate its suretyship upon a ten days' notice to the obligee. These provisions of the bond are not ambiguous; they are material, and there is a presumption that the failure to give the notice required would prejudice the surety. If plaintiff had given the notice required when default was first made, defendant would have had the right to terminate its suretyship by giving a ten days' notice and thereby would have had the opportunity to reduce its responsibility under the bond. Defendant was entitled to the benefit of the provisions of the contract which it made with the plaintiff. In Home Building & Savings Association v. New Amsterdam Casualty Co., 45 F.(2d) 989, 991 (C. C. A. 8), it is stated:

"Such provisions of surety bonds and of insurance policies, generally, have uniformly been held to be valid and controlling conditions.

"'A surety is discharged if a condition known to the obligee, upon which the surety agreed to be bound, is not complied with.' Rice et al. v. Fidelity & Deposit Co. (C. C. A. 8) 103 F. 427.

"And the insurer, to escape liability for insured's failure to comply with provisions, need not show prejudice to its rights. St. Louis, etc., Iron Co. v. Casualty Co. (C. C. A. 8) 40 F.(2d) 344.

"'If the terms of a policy of insurance are clear and unambiguous they are to be taken in the plain, ordinary, and popular sense,' and provision of policy that 'affirmative proof of loss must be furnished within 90 days after the date of such loss is valid, and compliance therewith is a condition precedent to recovery on the policy.' Callen v. Massachusetts Protective Association (C. C. A. 8) 24 F.(2d) 694.

"See, also, New Amsterdam Casualty Co. v. Farmers', etc., Union (C. C. A. 8) 2 F.(2d) 214; New Amsterdam Casualty Co. v. Fire Insurance Co. (C. C. A. 8) 4 F.(2d) 203; Commercial Casualty Co. v. Fruin-Colnon Contracting Co. (C. C. A. 8) 32 F.(2d) 425; Clements v. Preferred Acci-

dent Co. (C. C. A. 8) 41 F.(2d) 470, 472 [76 A. L. R. 17]."

See, also, 25 C. J. 1100; Guarantee Co. of North America v. Mechanics' Trust Co., 183 U. S. 402, 22 S. Ct. 124, 46 L. Ed. 253; Clydebank & District Water Trustees v. Fidelity & Deposit Co. of Maryland (1915) Sessions Cases, 362; Suzuki v. National Surety Co. (C. C. A.) 290 F. 942; American Surety Co. v. Greek Catholic Union, 284 U. S. 563, 52 S. Ct. 235, 76 L. Ed. 490; Shaw v. New Amsterdam Casualty Co., 310 Pa. 213, 215, 164 A. 916; Gentile et al. v. American State Bank & Trust Co. et al., 315 Pa. 123, 172 A. 303, 305. In Shaw v. New Amsterdam Casualty Co., supra, it is stated: "In surety or other contracts where the parties prescribe fixed times for notice of loss or default, and also provide that if notice is not given within the prescribed time the contract shall be void, or there shall be no right of action on it, the terms of the contract require the courts to enforce the forfeiture. Coventry Mut. Live Stock Ins. Ass'n v. Evans, 102 Pa. 281, 284; Windsor Mfg. Co. v. Globe & Rutgers Fire Ins. Co., 277 Pa. 374, 379, 121 A. 328. Where the language is clear and unambiguous, there is no doubt that this rule should be carried out literally, U. S. Fidelity & Guaranty Co. v. Rice (C. C. A.) 148 F. 206; Odegard v. General Casualty & Surety Co. (C. C. A.) 44 F.(2d) 31, 34."

In Gentile et al. v. American State Bank & Trust Co. et al., supra, the bond required a notice to the surety of loss thereunder. The Supreme Court of Pennsylvania held that the failure to give the notice required discharged the surety from its obligation thereon. The Supreme Court in its opinion, after quoting a part of the above quotation from Shaw v. New Amsterdam Casualty Co., said: "It is impossible to say the surety was not prejudiced and did not suffer a loss by reason of the failure of the bank to give notice within the time fixed by the bond. The very purpose of the requirement was to give the surety as much opportunity as possible to collect from Angelini, and a delay of months in giving the required notice may have been and probably was very injurious to the best interests of the surety. It was in direct violation of one of the most material parts of the contract, and cannot be explained away. Since on this ground, alone the surety is released from liability upon the bond, the judgment entered in its favor below is clearly right and must be affirmed."

Defendant also contends that the plaintiff's right to recover depends upon whether it had a right of action at the time it brought the action in this case; that the right of action, if any, to recover under the terms of the aforesaid bond was vested in the producers of the milk and cream, and therefore that the right of plaintiff in this case is not affected by the assignments from the producers to the plaintiff after this action was brought.

I am of the opinion that the subsequent assignments cannot be considered for the reasons contended for by the defendant; that the right of action, if any, under the terms of the aforesaid bond is vested in the producers of the milk; also, if assignments had been procured prior to the bringing of this action, it would have been necessary under the practice in Pennsylvania to have brought the action in the name of the legal plaintiffs, the assignors to the use of the plaintiff. The affidavit of defense should be sustained.

Let an order be prepared and submitted for the entry of judgment in favor of the defendant.