OLAF E. GJOVIK v. BEMIDJI LOCAL BUS LINE
AND ANOTHER.[1]

May 2, 1947.

Nos. 34,408, 34,409.

*Smith & Nolan,* for appellant.
*George L. Bargen,* for respondents.

MAGNEY, JUSTICE.

Appeals from orders sustaining separate demurrers to the complaint interposed by the two defendants herein.

Plaintiff's car, while operated by him, was damaged in a collision with a passenger bus owned by defendant bus company. Claiming that the collision was caused by the negligence of the bus company, plaintiff brought action against it and its insurer. He alleged that

[1]Reported in 27 N. W. (2d) 273.

the bus company had entered into a contract with defendant insurer "whereby defendant * * * [insurance company] agreed to pay the amount of any valid claim of a third party * * * which would arise against the defendant * * * [bus company] as a result of damage caused by the operation of its vehicles; * * *." Each defendant interposed a demurrer, the insurer on the grounds (1) that the facts stated in the complaint do not constitute a cause of action against it; (2) that several causes of action are improperly united; (3) that there is a defect of parties defendant; and the bus company on the grounds (1) that there is a defect of parties defendant; and (2) that several causes of action are improperly united. The court sustained the demurrer of the insurer on the ground that the facts stated in the complaint do not constitute a cause of action against it and that several causes of action are improperly united. It sustained the demurrer of the bus company on the ground that several causes of action are improperly united.

■ The action against the insurer is predicated upon a third-party beneficiary contract relationship arising out of the contract entered into between the two defendants. Plaintiff's theory is that the complaint sets forth a valid contract entered into between A and B for the benefit of C. In setting out the terms of that contract, he pleads that the insurer agrees "to pay the amount of any valid claim of a third party * * * which would arise against the defendant * * * [bus company] as a result of damage caused by the operation of its vehicles." There is thus no allegation in the complaint that the insurance company has agreed to pay this amount to plaintiff or that the insurance contract was entered into for plaintiff's benefit or that plaintiff was intended to have any rights thereunder. The third-party beneficiary contract relationship is not pleaded in the complaint. Plaintiff is in the position of an incidental beneficiary only. He pleads that the insurer agrees to pay the amount of "any valid claim." The validity of plaintiff's claim must first be established before the insurer is obliged to make payment to anybody. An indemnity and not a liability contract is pleaded.

In 41 Am. Jur., Pleading, § 95, it is stated:

524

"* * * If the plaintiff seeks to recover on the theory that the contract was one for a third-party beneficiary, the allegations must be sufficient to show that the contract was intended to benefit him directly and that he was not merely an incidental beneficiary."

Obviously, the complaint here does not meet the requirements for sufficiency.

■ Both defendants demurred to the complaint on the ground that several causes of action were improperly united. The complaint sets out a cause of action against the bus company based upon negligence and attempts to set out another cause of action against the insurer based on an indemnity contract. We have determined that the complaint does not state a cause of action against the insurer. It does state a cause of action against the bus company. We have, then, a situation where a demurrer is interposed to a complaint on the ground of misjoinder of causes of action where one cause of action is properly pleaded and the second cause of action unsuccessfully pleaded. In such a situation, the authorities hold that there is not a misjoinder of causes of action. Two or more good causes of action must be well pleaded in order to have a demurrer lie for misjoinder of causes of action. Sullivan v. N. Y. N. H. & H. R. Co. (C. C.) 11 F. 848; McCook County v. Kammoss, 7 S. D. 558, 64 N. W. 1123, 31 L. R. A. 461, 58 A. S. R. 854; Times Pub. Co. v. City of Everett, 9 Wash. 518, 37 P. 695, 43 A. S. R. 865; Konick v. Champneys, 108 Wash. 35, 183 P. 75, 6 A. L. R. 459; Seabrook v. Betz, 308 Pa. 333, 162 A. 260.

In the Seabrook case, the court said (308 Pa. 337, 338, 162 A. 261):

"However, it is a rule of law that 'if the pleader attempts to state a second cause of action and fails to do so, there is no misjoinder, as but one good cause of action is stated' * * *.

* * * * *

"* * * As the record stands, there is only one good cause of action pleaded in this statement. This being so, there is no misjoinder.

" 'It is only where the complaint states two or more good causes of action that a demurrer will lie for this cause [misjoinder]; not

where an unsuccessful attempt is made to state a second cause':
21 R. C. L. 523, section 84."

In the Konick case, it is stated (108 Wash. 37, 183 P. 76, 6 A. L. R.
459):

"* * * If * * * the pleader stated one good cause of action but
failed in his facts as to the other, it was the duty of the court to
overrule the demurrer and retain the case for trial upon the cause
of action well stated. The allegations made in the attempt to state
the other cause of action would be irrelevant and redundant matter,
which it is the office of a motion, not a demurrer, to reach."

In 41 Am. Jur., Pleading, § 214, the rule is stated as follows:

"In most jurisdictions, the proper method of raising a question of
misjoinder of causes of action where that objection is apparent from
the pleading itself is by a special demurrer assigning that ground.
But it is only where the complaint states two or more good causes
of action that a demurrer will lie for this cause; not where an un-
successful attempt is made to state a second cause."

Order sustaining demurrer of defendant insurer affirmed; order
sustaining demurrer of defendant bus line reversed.