HANNAH MILLER v. MARKET MEN'S MUTUAL
INSURANCE COMPANY.
HAROLD GREGORY v. SAME.
HANNAH MILLER v. DAVID W. MYERS AND ANOTHER.
MARKET MEN'S MUTUAL INSURANCE COMPANY,
THIRD-PARTY DEFENDANT.
HAROLD GREGORY v. SAME.
MARKET MEN'S MUTUAL INSURANCE COMPANY,
THIRD-PARTY DEFENDANT.

115 N. W. (2d) 266.

May 18, 1962—Nos. 38,293, 38,294, 38,388, 38,389, 38,514, 38,515.

510

*Ray G. Moonan, John M. Fitzgerald,* and *John E. Castor,* for appellants.

*Miley, Narveson & Williams* and *Thomas J. Burke,* for respondent insurance company.

FRANK T. GALLAGHER, JUSTICE.

This is a consolidation of six appeals from orders and judgments of the district court.

The cases arose out of an automobile accident which occurred April 15, 1959, near Shakopee. In one car were Glenn Kerkow, the driver, and Harold Gregory and Henry John Miller, passengers. The other car, which was allegedly owned by David W. Myers, was being driven by Earl T. Anderson. As a result of the injuries sustained in the collision between these two cars, suits were brought by Harold Gregory and by Hannah Miller as trustee for the heirs and next of kin of Henry John Miller, deceased, against David W. Myers.[1] Defendant claimed in his answer in each action that he was not the owner of the vehicle driven by Earl T. Anderson and that all right, title, interest, and possession in the car had been transferred to Anderson prior to the occurrence of the collision.

Defendant notified his insurer, Market Men's Mutual Insurance Company, of the actions against him. Market Men's, however, refused to defend the lawsuits, on the ground that defendant had sold the car prior to the accident and the insurance contract between it and defend-

---

[1] Glenn Kerkow was also joined as a party defendant, but since he is not involved in these appeals, Myers will be referred to herein as the defendant.

ant had been cancelled. Defendant thereupon moved for leave to bring in Market Men's as a third-party defendant in each action, and the court granted the motions. In order to ascertain whether it had a duty to defend the lawsuits, Market Men's moved the court in each action, for a separate trial on the question of cancellation of the insurance policy. After a hearing, the court granted the motions.

Plaintiffs then brought direct actions against Market Men's, each plaintiff claiming that he had an interest in the question regarding the insurance policy. They also moved to try these actions at the same time as the actions by defendant against Market Men's, to consolidate all the actions, or to allow plaintiffs to intervene in defendant's suits against Market Men's. For its part, Market Men's moved the court to dismiss plaintiffs' direct actions against it for failure to state facts upon which relief can be granted. The court entered two orders granting the motions to dismiss plaintiffs' direct actions and two further orders denying plaintiffs' alternative motions for consolidation or intervention. Later, two similar orders denying plaintiffs' alternative motions were entered in the original actions of plaintiffs against defendant. Each plaintiff took appeals from all orders affecting him and in addition from judgments entered pursuant to the orders dismissing plaintiffs' direct actions.

The legal questions raised by appellants are only two:

(1) Does an injured plaintiff, before verdict or judgment against defendant, have a direct cause of action against defendant's insurer on an automobile liability policy where the insurer has denied coverage under the policy and refused to defend the defendant?

(2) Does an injured plaintiff, before judgment against defendant, have a right to intervene as indispensable party in a third-party action for declaratory relief between the defendant and defendant's insurer to determine the coverage afforded by the policy respecting plaintiff's cause of action against the insured defendant?

■ The trial court committed no error in dismissing the direct suits against Market Men's. It is established in this state that an injured person possesses no direct cause of action against the insurer of the tortfeasor prior to recovery of judgment against the latter. Gjovik v.

Bemidji Local Bus Line, 223 Minn. 522, 27 N. W. (2d) 273; see, 29A Am. Jur., Insurance, § 1485.

■ As for the appeals from the orders denying the motions of plaintiffs to intervene in defendant's suit against Market Men's, it is clear that an order granting or denying permissive intervention is not appealable. 7 Cyclopedia of Federal Procedure (3 ed.) § 24.47; see, 37 Minn. L. Rev. 328. Intervention of right is governed by Rule 24.01 of Rules of Civil Procedure, none of the provisions of which is applicable here. Under Rule 24.02 permissive intervention is allowable where intervenor's claim or defense and the main action have a question of law or fact in common.

The jurisdiction of this court over appeals is defined by Minn. St. 605.09, and orders denying intervention come within none of the provisions of that statute. In In re Condemnation of Lands Owned by Luhrs, 220 Minn. 129, 135, 19 N. W. (2d) 77, 81, we held that an interlocutory or discretionary order or decree permitting or refusing to permit intervention in a cause is not appealable. Litigation would be virtually interminable if every discretionary order granting or denying intervention of third parties were appealable to this court.

However, it should be noted[2] that in this case it appears that the trial court denied the application for leave to intervene on the theory that it had no discretionary power to permit such injured party to intervene in the trial of the issues between insurer and insured. It is our opinion that where the issue of contract liability between an insurer and an insured in an action of this kind is separated for trial from the main action,[3] no prejudice can result to anyone if the injured party is permitted to intervene in that action. It may prevent a multiplicity of suits in that after recovery of a judgment the injured party would have a right of action by garnishment or otherwise against the insurer. We

---

[2]See, 1 Dunnell, Dig. (3 ed.) § 465.

[3]The trial court acted within its authority when it set down the question of contract liability for separate trial. Rules 42.02 and 14.03 of Rules of Civil Procedure; 2 Pirsig, Minn. Pleading (4 ed.) § 1993; Wright, Minnesota Rules, p. 89; 1A Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) p. 692.

therefore believe the better rule to be that when the issue of contract liability is tried separately, the injured party, in the discretion of the trial court, should be permitted to intervene in the trial of that issue.

In this case, the orders appealed from are in no way res judicata, and plaintiffs can move again at any time for permission to intervene. In view of our holding here that the court has discretionary power to permit such intervention, the court must reconsider the question upon any further application for leave to intervene and exercise its sound discretion in the matter.

The orders and judgments dismissing plaintiffs' direct suits are affirmed. The appeals from the orders denying intervention are dismissed.