Curtis RINN, Appellant,

v.

TRANSIT CASUALTY CO., Respondent,

and

Great West Casualty Co., Respondent.

No. 81–1171.

Supreme Court of Minnesota.

July 30, 1982.

John T. Anderson, Minneapolis, for appellant.

Lasley, Gaughan, Stich & Angell and Michael S. Kreidler, Minneapolis, for Transit Cas. Co.

Cousineau, McGuire, Shaughnessy & Anderson, Kathleen D. Drake, Minneapolis, for Great West Cas. Co.

TODD, Justice.

Curtis Rinn was employed by Richard Kaminer as a truck driver to drive a semitrailer owned by Kaminer and leased to Schultz Transit Company. On February 18, 1975, Rinn was injured when he lost control of the truck while avoiding an automobile. The other vehicle was never identified.

At the time of the accident the truck was insured by Richard Kaminer with the Great West Company under a policy which provided only collision coverage. The policy was originally written to include bodily injury but the coverage was reduced by an amendment to the endorsement dated December 13, 1975. The lessee of the truck, Shultz Transit, insured its own vehicles with Transit Casualty Company. The lease agreement between Kaminer and Shultz, dated February 1, 1975, contained the following insurance provision:

The CONTRACTOR [Kaminer] agrees to carry bobtail and deadhead insurance coverage with respect to public liability and property damage in the limits of $100,000 for any person, $300,000 for any accident and $50,000 property damage in any accident as concerns all Equipment hereunder when used not in performance of a trip under this Agreement and agrees to furnish evidence of such coverage to CARRIER and arrange for CARRIER to be named as additional insured under such policy.

Curtis Rinn brought a declaratory judgment action in Hennepin County District Court against Great West and Transit Casualty after his claim for no-fault benefits was denied by both insurers. The trial court dismissed the claim, finding that Rinn was a third party beneficiary of the insurance policies in question and therefore could not bring a direct action for benefits against the insurance companies. We reverse the order dismissing the claim and remand for determination of the coverage issue.

Rinn argues that the trial court's application of the direct action rule in this case is at odds with the purposes of the Minnesota no-fault automobile insurance act, Minn. Stat. §§ 65B.41–.71 (1980). A reading of the act and the case law regarding direct actions makes it clear that the trial court was in error in dismissing the plaintiff's claim.

The no-fault act provides that, in the case of injury to an employee in an accident that occurs while the employee is driving a vehicle furnished by the employer, the security for payment of basic economic loss benefits is the insurance covering the vehicle or, if there is none, the insurance covering the injured employee. Minn.Stat. § 65B.47, subd. 2 (1980). When Curtis Rinn was injured while driving the truck provided by his employer, Richard Kaminer, he applied to Great Western, Kaminer's insurer and to Transit Casualty, Shultz's insurer, for no-fault benefits.

The trial court construed this to be a third party action against the insurers. Under Minnesota law, a third party cannot sue an insurance company directly but must first secure a judgment against the insured on the issue of liability. *See Miller v. Market Men's Mutual Insurance Co.*, 262 Minn. 509, 115 N.W.2d 266 (1962). This is not a case where a third party is attempting to sue an insurer directly for the negligence of the insured.[1] There are no issues of liability to be resolved against Kaminer or Schultz Transit before insurance coverage can be determined. The only issue is whether the no-fault benefits are payable by Great Western, Transit Casualty, Rinn's own insurer or the assigned claims bureau. Curtis Rinn has no basis for a separate action against his employer or Shultz Transit and it would be futile to require him to bring such an action before allowing him to make a claim for insurance benefits. The order dismissing his claim is therefore reversed.

The trial court did not reach the coverage issue. Factual issues remain to be determined and therefore the question of coverage is remanded to the trial court.

---

1. The policy issued to Richard Kaminer includes within the definition of insured any person using the vehicle with the permission of the named insured. Curtis Rinn would fall within this definition and is therefore an insured under the policy.