Melanie R. ANDERSON and Nicole Kristen Anderson, an infant, by her guardian and natural parent, Melanie R. Anderson, Appellants,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Thomas Koehnen, M.D., et al., Respondents.

No. C2–87–1108.

Court of Appeals of Minnesota.

Nov. 3, 1987.

Paul G. Neimann, Gregory Peterson, Moss and Barnett, Minneapolis, for appellants.

Donald F. Hunter, P.A., R. Stephen Tillitt, Gislason, Dosland, Hunter & Malecki, Minneapolis, for St. Paul Fire and Marine Insurance Company.

John C. Hottinger, Hottinger Law Offices, Mankato, for Thomas Koehnen, M.D., et al.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and RANDALL, JJ.

## OPINION

LESLIE, Judge.

Appellant seeks relief from a Rule 12.-02(5) dismissal for failure to state a claim upon which relief can be granted. Appellant contends that Minnesota's direct action rule does not bar an injured plaintiff from seeking a declaratory judgment against defendant's insurer where defendant fails to contest a denial of coverage. We affirm.

## FACTS

Appellant Melanie Anderson filed a medical malpractice claim against respondent, Thomas Koehnen, M.D., alleging that medication negligently prescribed by him during her pregnancy led to her daughter's permanent and severe birth defects including hydrocephalus and spina bifida. That suit is currently pending.

Dr. Koehnen tendered a claim to his insurer, St. Paul Fire and Marine. Respondent insurer denied liability and declined to defend Dr. Koehnen. The record does not disclose the reason for the insurer's denial of coverage or the doctor's failure to contest that determination.

Appellants sought a declaratory judgment establishing respondent insurer's liability. The trial court dismissed the action and declined to reconsider. The Andersons appeal.

## ISSUE

Does Minnesota law bar an action by an injured plaintiff for a declaration of coverage prior to a judgment establishing liability?

## ANALYSIS

As both sides acknowledge, the standard for review of a Rule 12.02(5) dismissal is whether the complaint sets forth a legally sufficient claim for relief. *Elzie v. Commissioner of Public Safety*, 298 N.W.2d 29, 32 (Minn.1980). Minnesota courts have traditionally refused to recognize the type of direct action declaratory judgment which appellants now seek. The rule against "direct action" lawsuits was first articulated in *Gjovik v. Bemidji Local Bus Line*, 223 Minn. 522, 523, 27 N.W.2d 273, 274 (1947):

> The validity of plaintiff's claim must first be established before the insurer is obliged to make payment to anybody.

The rule was restated in *Miller v. Market Men's Mutual Insurance Co.*, 262 Minn. 509, 511, 115 N.W.2d 266, 268 (1962):

> It is established in this state that an injured person possesses no direct cause of action against the insurer of the tortfeasor prior to recovery of judgment against the latter.

The language is clear and unambiguous: *No direct causes of action are permitted.* However, appellant accurately notes that the *Miller* court, in dicta, went on to recommend an exception to the rule:

> [W]here the issue of contract liability between an insurer and an insured in an action of this kind is separated for trial from the main action, no prejudice can result to anyone if the injured party is permitted to intervene in that action. It may prevent a multiplicity of suits in that after recovery of a judgment the injured party would have a right of action by garnishment or otherwise against the insurer. *We therefore believe the better rule to be that when the issue of contract liability is tried separately, the injured party, in the discretion of the trial court, should be permitted to intervene in the trial of that issue.*

*Id.* at 512–13, 115 N.W.2d at 269 (footnote omitted) (emphasis added).

Unfortunately for appellant that language carries little weight, especially in light of subsequent court decisions affirming the no direct cause of action rule with-

out qualification. *See Rinn v. Transit Casualty Co.*, 322 N.W.2d 357 (Minn.1982); and *Davis v. Furlong*, 328 N.W.2d 150 (Minn.1983).

Appellant further argues an Illinois court has permitted a direct cause of action in a suit nearly identical to the one before us now. In *Reagor v. Travelers Insurance Co.*, 92 Ill.App.3d 99, 47 Ill.Dec. 507, 415 N.E.2d 512 (1980), the Illinois court found members of the general public to be the beneficiaries of liability insurance policies with rights under the policy which vest at the time of the accident. The Illinois court held:

> The injured person must be given the opportunity to litigate the question of coverage under the liability policy before his interest in the insurance may be terminated.

*Id.* at 103, 47 Ill.Dec. at 509, 415 N.E.2d at 514.

That argument does not carry weight in this state for two reasons. First, an opportunity to litigate the question of coverage prior to termination does currently exist in Minnesota. Appellant has the right to litigate the question of insurer liability after the doctor's liability has been established. If the doctor had chosen to contest the insurer's denial of coverage, appellant could have joined that suit prior to a determination of liability on the merits. Appellant, then, has at least one and possibly two avenues of protecting her interest in the insurance contract. Second, the Minnesota Supreme Court has explicitly rejected the idea of third party privity:

> [I]t is well settled in this state that an injured third party claimant is not privy to the insurance contract and cannot sue an insurer directly for failure to pay a claim but must first obtain a judgment against the insured.

*Morris v. American Family Mutual Insurance Co.*, 386 N.W.2d 233, 237 (Minn. 1986).

That the supreme court is sympathetic to the plight of plaintiffs hurt by the rule is evident in a footnote to a 1980 opinion:

> The plaintiff in this case did not attempt to name the insurer directly in his complaint. Thus we do not have the question before us whether to reconsider our line of decisions prohibiting direct actions against insurers. *See e.g., Miller v. Market Men's Mutual Insurance Co.*, 262 Minn. 509, 115 N.W.2d 266 (1962). We do, however, recommend to the legislature to consider a statute allowing direct actions against insurers as a way of avoiding seemingly harsh results such as in the current case.

*Zahler v. Manning*, 295 N.W.2d 511, 513–14, n. 3 (Minn.1980). A recent reaffirmation of the direct action rule demonstrates that the supreme court's view has not changed. *Mech. v. General Casualty Co. of Wisconsin*, 410 N.W.2d 317 (Minn.1987) (Direct action barred by proper application of Minnesota and Wisconsin law.)

It is clear that reform of the common law rule in this state must be undertaken by the legislature, not the courts, although we, too, are sympathetic to the misfortune which has befallen this child. Even so, a dismissal of this suit does not leave appellant without remedy. Under current law, appellant may obtain a judgment against Dr. Koehnen and then proceed against the insurer for a determination of liability for any damages awarded.

### DECISION

Affirmed.