*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

## STATE OF MINNESOTA
## IN COURT OF APPEALS
## A14-0055

Manjit I. Bajwa,
Appellant,

vs.

Timothy Bailey, et al.,
Respondents,

Minnesota Lawyers Mutual (MLM),
Respondent.

**Filed July 21, 2014**
**Affirmed**
**Stoneburner, Judge[*]**

Hennepin County District Court
File No. 27-CV-13-10514

Nicholas Henry, Nicholas Henry Law, LLC, Bloomington, Minnesota (for appellant)

Richard J. Thomas, Bryon G. Ascheman, Burke & Thomas, PLLP, Arden Hills, Minnesota (for respondents Bailey, et al.)

Patrick J. Sauter, Mark R. Bradford, Christine E. Hinrichs, Bassford Remele, P.A., Minneapolis, Minnesota (for respondent Minnesota Lawyers Mutual)

Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and Stoneburner, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**STONEBURNER**, Judge

Appellant challenges the district court's rule 12 dismissal of his lawsuit against respondents, who are two attorneys (whom appellant had hired as expert witnesses in appellant's three unsuccessful attorney-malpractice lawsuits) and their malpractice insurer. Because the district court did not err by concluding that appellant failed to state any claims on which relief could be granted, we affirm.

## FACTS[1]

Appellant Manjit I. Bajwa's complaint alleges that respondents Timothy Bailey and John Neve, who had been hired as expert witnesses in separate attorney-malpractice actions brought by Bajwa, produced inadequate expert affidavits that compromised those malpractice actions because of collusion with, or interference by, respondent Minnesota Lawyers Mutual (MLM). Specifically, Bajwa's complaint asserts four causes of action: (1) violations of Minn. Stat. § 481.07 (2012) (providing a criminal penalty and treble damages for deceit or collusion intended to deceive a court); (2) professional malpractice; (3) fraud on the court; and (4) tortious interference with Bajwa's contracts.

---

[1] Respondents have provided copies of court documents from the malpractice cases that underlie this action and argue that these documents support the district court's rule 12 dismissal. Because the district court limited its review to the complaint and because additional support for the district court's decision is unnecessary, we decline to address the additional support provided by respondents for dismissal, although we recognize that we may take judicial notice of prior decisions in an underlying action, including facts adjudicated in those decisions, when considering a motion to dismiss for failure to state a claim. *See Rohricht v. O'Hare*, 586 N.W.2d 587, 589 (Minn. App. 1998), *review denied* (Minn. Feb. 24, 1999).

Respondents moved to dismiss the complaint under Minn. R. Civ. P. 12.02(e) (providing for dismissal for failure to state a claim upon which relief can be granted). The district court held that (1) Minn. Stat. § 481.07 does not provide for a private cause of action; (2) Bajwa failed to state a claim of attorney malpractice against Bailey and Neve because no attorney-client relationship existed between Bajwa and either of these respondents; (3) Minnesota has not recognized a cause of action for friendly expert-witness malpractice and absolute privilege protects Bailey and Neve in their roles as expert witnesses; (4) although a claim of fraud on the court can, in an independent action, relieve a party from a final judgment, fraud on the court has not been recognized as a civil claim in Minnesota; (5) Bajwa's claims of fraud are vague and conclusory and unsupported by facts; (6) Bajwa's claim against respondents for tortious interference with contractual relations is supported only with conclusory allegations and fails to identify any facts to support the existence of a contract with which respondents interfered; and (7) Bajwa's claims against MLM are barred as a direct action against an insurer. This appeal followed, in which Bajwa clarifies that (1) his case is based on claims of friendly expert-witness malpractice by Bailey and Neve; (2) the "Riehm trial," which was dismissed as a result of Bajwa's conduct, "is not the basis of this appeal"[2]; and (3) that attorney Diamond's "arrangement with [Bajwa] is not at issue in this case."

---

[2] Bajwa's malpractice action against attorney Riehm was dismissed with prejudice due to Bajwa's questioning of Riehm about his insurance, which had been prohibited by the district court.

3

**D E C I S I O N**

A district court may dismiss a complaint under Minn. R. Civ. P. 12.02(e) "if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded." *Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010) (quotation omitted). "Courts are *always* able to dismiss pleadings consisting solely of vague or conclusory allegations, wholly unsupported by fact." *In re Milk Indirect Purchaser Antitrust Litig.*, 588 N.W.2d 772, 775 (Minn. App. 1999). This court reviews de novo the legal sufficiency of a claim dismissed under rule 12.02(e). *Bahr*, 788 N.W.2d at 80.

## 1. Claim against MLM for tortious interference with contractual relations[3]

The general rule in Minnesota is that "an injured person possesses no direct cause of action against the insurer of the tortfeasor prior to recovery of judgment against the [tortfeasor]." *Miller v. Market Men's Mut. Ins. Co.*, 262 Minn. 509, 511, 115 N.W.2d 266, 268 (1962). But this rule does not apply when a party is suing an insurer for reasons other than the acts of an insured. *See Rinn v. Transit Cas. Co.*, 322 N.W.2d 357, 358 (Minn. 1982) (rejecting application of the general rule against direct actions where there are no issues of liability to be resolved against an insured before coverage can be determined).

Bajwa's claim against MLM depends entirely on proving his allegations that Neve and Bailey breached their contracts, so this case is distinguishable from *Rinn.* And the

---

[3] Bajwa's complaint does not allege that Bailey or Neve interfered with any contract, only that MLM "caused the breach of Bajwa's contracts with [two of his attorneys], Bailey and Neve . . ."

4

only facts asserted by Bajwa to establish a connection between MLM and Bailey's and Neve's actions as expert witnesses are (1) that Bailey and Neve are insured for malpractice by MLM; (2) they receive, as a result of such coverage, dividends from MLM; and (3) their legal fees are being paid by MLM. Under the circumstances of this case, we conclude that the district court did not err in concluding that because Bajwa does not have a judgment against Bailey or Neve, his claim against MLM is barred by the general rule.

Even if we were to determine that, under these facts, Bajwa could maintain a direct action for tortious interference with a contract against MLM, we would conclude that the district court properly dismissed that claim because Bajwa's complaint failed to assert any facts in support of the claim.

The district court focused on Bajwa's failure to identify in his complaint the contracts with which he asserts MLM interfered. On appeal Bajwa argues that, because it is undisputed that he hired Neve as an expert witness for the Riehm trial and his attorney hired Bailey as an expert witness for a prior malpractice action, the complaint sufficiently identified the contracts that he alleges were interfered with.[4] We disagree.

Although absolute specificity in pleading is not required, a complaint must present sufficient facts to notify the opposing party of the claims raised against it. *Meyer v. Best W. Seville Plaza Hotel*, 562 N.W.2d 690, 692 (Minn. App. 1997), *review denied* (Minn. June 26, 1997). The complaint does not assert any facts that put MLM on sufficient

---

[4] Bajwa concedes that Bailey and Neve were not hired to act as his attorneys, so the district court's focus on failure to establish an attorney-client contract is irrelevant.

5

notice of what conduct, by whom, when and where, is alleged to constitute interference with any identified term of any identified contract.

The elements of a claim of tortious interference with a contract are: (1) existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages *resulting therefrom*. *R.A., Inc. v. Anheuser-Busch, Inc.*, 556 N.W.2d 567, 570 (Minn. App. 1996), *review denied* (Minn. Jan. 29, 1997). Here the complaint does not contain any *facts* that would establish that (1) MLM was aware of Bajwa's contracts with Bailey or Neve or any terms of those contracts at the time of their alleged breaches of the contracts; (2) any person acting on behalf of MLM did any intentional act to procure a breach of any term of those contracts; or (3) the alleged breaches of contract caused Bajwa's malpractice claims to be unsuccessful. As the district court noted, the complaint is based entirely on conclusory allegations. The district court did not err by dismissing Bajwa's claims against MLM for tortious interference with contracts.

Because Bajwa did not ask the district court for leave to amend the complaint to more particularly plead his cause of action for tortious interference with a contract (or any other claim), we decline to address Bajwa's argument made for the first time on appeal that he should have been allowed to amend his complaint. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that, generally, this court will not consider arguments raised for the first time on appeal).

6

## 2.     Violation of Minn. Stat. § 481.07 and fraud on the court claims

On appeal, Bajwa does not challenge the district court's dismissal of his asserted causes of action for violation of Minn. Stat. § 481.07 and fraud on the court, conceding that neither the statute nor the concept of fraud on the court gives rise to a private civil cause of action for damages.  Instead, in an argument conflating these claims, Bajwa asserts that, because at the time he filed his first amended complaint, he was unaware that "Fraud on the Court is merely a statutory penalty provided by [Minn. Stat.] § 481.07 and does not give rise to an independent cause of action,"  the "interests of justice" require that the district court should have permitted him to amend his complaint to allege "ordinary fraud."  Bajwa never sought leave of the district court to amend his complaint, and we decline to address this argument raised for the first time on appeal.  *See Thiele*, 425 N.W.2d at 582.

To the extent that Bajwa asserts that the interests of justice require this court to address an issue not raised in the district court, as permitted under Minn. R. Civ. App. P. 103.04, he fails to provide any argument or authority to support such an assertion.  *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (stating that issues not briefed on appeal are waived).  And Bajwa's argument, raised for the first time in his reply brief, that dismissal with prejudice is "too harsh under the circumstances" is unpersuasive.  *See also Hunter v. Anchor Bank, N.A.*, 842 N.W.2d 10, 17 (Minn. App. 2013) ("[A]n argument for reversal that is not raised in an appellant's principal brief is forfeited."), *review denied* (Minn. Mar. 18, 2014).

7

**3.     Expert-witness malpractice and absolute privilege**

Bajwa concedes that whether a party may sue a friendly expert witness for malpractice is a matter of first impression in Minnesota.  He argues that Minnesota should join a number of jurisdictions that have concluded that a friendly expert witness may be sued for professional malpractice and provides citations to several such cases. The supreme court has stated that it is paramount in the creation of new causes of action. *See Federated Mut. Ins. Co. v. Litchfield Precision Components, Inc.*, 456 N.W.2d 434, 439 (Minn. 1990) ("Creating a new tort is a function properly reserved for the supreme court based upon appropriate facts and record.").  For this reason, and because we are not persuaded by Bajwa's arguments on this issue, we decline Bajwa's invitation to recognize a claim against a friendly expert witness for malpractice in this case.

Because we hold that the district court did not err in dismissing Bajwa's claims for the unrecognized tort of expert-witness malpractice, we do not reach respondents' arguments that the district court properly applied the doctrine of absolute privilege to dismiss the malpractice claims against Bailey and Neve.[5]

**Affirmed.**

---

[5] The doctrine of absolute privilege in the context of judicial proceedings has historically been applied only to causes of action sounding in defamation.  *See Mahoney & Hagberg v. Newgard*, 729 N.W.2d 302, 309 (Minn. 2007).  The issue of whether Bajwa's claims sound in defamation was not raised in the district court nor addressed by the district court in its decision.