**STATE of Minnesota, by Hubert H. HUMPHREY, III, its Attorney General, Appellant,**

v.

**ROAD CONSTRUCTORS, INC., et al., Respondents,**

**North Star Asphalt Company, et al., Respondents.**

**No. C3–91–537.**

Court of Appeals of Minnesota.

Aug. 27, 1991.

Review Denied Oct. 31, 1991.

Hubert H. Humphrey, III, Atty. Gen., Helen G. Rubenstein, Special Asst. Atty. Gen., St. Paul, for State by Humphrey.

Timothy D. Kelly, John E. Grzybek, Kelly & Berens, P.A., Minneapolis, for Road Constructors, Inc.

Theodore J. Collins, Dan O'Connell, Collins, Buckley, Sauntry & Haugh, St. Paul, for North Star Asphalt.

Considered and decided by KLAPHAKE, P.J., and LANSING and DAVIES, JJ.

## OPINION

LANSING, Judge.

In this antitrust action against two grading and bituminous contractors, the trial court denied the state's motion to amend its complaint to allege a third statutory violation and granted the contractors' motion for summary judgment on the two alleged violations. We affirm denial of the motion to amend and summary judgment on the section 325D.53 per se anticompetitive practices claim but reverse and remand for trial on the section 325D.51 restraint of trade claim.

## FACTS

Road Constructors, Inc. and North Star Asphalt Company, two competing grading and bituminous contractors, submitted joint bids for two state highway projects, agreeing that each would supervise one of the projects. After the contractors were awarded one of the contracts, the state brought an antitrust action against the contractors, alleging violations of Minn.Stat. § 325D.51 (1988), which prohibits unreasonable restraints of trade, and Minn.Stat. § 325D.53, subd. 1(2) (1988), which designates price fixing as a per se anticompetitive practice. Both parties moved for summary judgment based on 48 stipulated facts and numerous depositions and affidavits. The state also moved to amend its complaint to allege a per se market alloca-

tion violation under Minn.Stat. § 325D.53, subd. 1(1)(c) (1988). The trial court denied the state's motion to amend and ordered summary judgment for the contractors.

## ISSUES

1. Was the submission of joint bids a per se price-fixing violation under Minn. Stat. § 325D.53, subd. 1(2)?

2. Is there a genuine issue of material fact on whether the contractors' joint bid agreement was an unreasonable restraint of trade under Minn.Stat. § 325D.51?

3. Did the trial court err in denying the state's motion to amend its complaint to allege unlawful market allocation under Minn.Stat. § 325D.53, subd. 1(1)(c)?

## ANALYSIS

Consistent with the Sherman Act, 15 U.S.C. §§ 1–7, Minnesota law prohibits any contract, combination or conspiracy between two or more persons that unreasonably restrains trade or commerce. *See* Minn.Stat. § 325D.51.[1] Whether a concerted action constitutes a section 325D.51 violation typically involves a case-by-case "rule of reason" analysis in which all facts and circumstances are weighed. *See Continental T.V., Inc. v. GTE Sylvania Inc.*, 433 U.S. 36, 49, 97 S.Ct. 2549, 2557, 53 L.Ed.2d 568 (1977). Minn.Stat. § 325D.53 classifies certain anticompetitive practices as per se antitrust violations, however, dispensing with the need for case-by-case analysis. The state contends that the contractors' agreement was both a per se price fixing violation under section 325D.53, subd. 1(2) and an unreasonable trade restraint under section 325D.51.

### I

Although fixing the price of a bid for the letting of a public contract is per se illegal, *see* Minn.Stat. § 325D.53, subd. 1(2), not all price-influencing arrangements between competitors constitute violations of Minn.Stat. § 325D.53, subd. 1(2). *See Machine Operators' Union of Minneapolis, Local 219*, 151 Minn. 220, 186 N.W. 781 (1922).

1. Minnesota antitrust law is interpreted consistently with federal case law developed under the Sherman Act. *See Campbell v. Motion Picture*

*Broadcast Music, Inc. v. Columbia Broadcasting System, Inc.*, 441 U.S. 1, 8–9, 99 S.Ct. 1551, 1556–57, 60 L.Ed.2d 1 (1979). Per se condemnation, without inquiry into the effect of the alleged price-fixing practice, is justified only if the practice "facially appears to be one that would always or almost always tend to restrict competition and decrease output." *See id.* at 19–20, 99 S.Ct. at 1562.

The submission of joint bids, a practice provided for in the Minnesota Department of Transportation's specifications for construction, does not necessarily discourage competition and raise prices. In fact, affidavit evidence suggests that the contractors' joint endeavor could have increased economic efficiency and enhanced market competition. *See id.* (citing *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 441 n. 16, 98 S.Ct. 2864, 2875 n. 16, 57 L.Ed.2d 854 (1978)). Because the joint bid arrangement is not so facially anticompetitive that inquiry into actual market impact is unjustified, *see Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 15 n. 25, 104 S.Ct. 1551, 1560 n. 25, 80 L.Ed.2d 2 (1984), the trial court properly entered summary judgment for the contractors on the Minn.Stat. § 325D.53, subd. 1(2) price fixing claim.

## II

■ Although the need to examine actual market impact requires summary judgment on the section 325D.53, subd. 1(2) claim, it creates a material issue of fact on the section 325D.51 unreasonable restraint of trade claim. Whether the joint bid agreement unreasonably restrained competition "can only be evaluated by analyzing the facts peculiar to the business, the history of the restraint, and the reasons why it was imposed." *See National Soc'y of Professional Engineers v. United States*, 435 U.S. 679, 692, 98 S.Ct. 1355, 1365, 55 L.Ed.2d 637 (1978). Even if the joint bid unreasonably restrained market competition, it may have been a statutorily exempt joint venture permitted by the state Department of Transportation. *See* Minn. Stat. § 325D.55, subd. 2 (1988). Because the pleadings, depositions, affidavits, and stipulations do not clearly show the impact of the joint bid agreement on competitive conditions or resolve the joint venture issue, summary judgment is inappropriate. *See* Minn.R.Civ.P. 56.03; *see also Poller v. Columbia Broadcasting Sys., Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962).

## III

■ The trial court properly denied the state's motion to amend its complaint because the evidence cannot sustain a claim of per se market allocation. *See Pischke v. Kellen*, 384 N.W.2d 201, 204 (Minn.App. 1986). Although the state may be able to show on remand that the distribution of the construction projects was part of an unreasonable restraint of trade in violation of section 325D.51, the contractors' decision to apportion resources and responsibilities was not so facially anticompetitive that it can be characterized as a per se market allocation violation under section 325D.53, subd. 1(1)(c).

## DECISION

Because the evidence does not establish per se antitrust violations, we affirm the entry of summary judgment for the contractors on the section 325D.53, subd. 1(2) claim and the denial of the motion to amend the complaint to allege a section 325D.53, subd. 1(1)(c) claim. However, we reverse summary judgment on the Minn. Stat. § 325D.51 claim and remand for determination of whether the contractors' joint bid and project allocation constituted an unreasonable restraint of trade rather than a permissible joint venture.

Affirmed in part, reversed in part, and remanded.