588 N.W.2d 772 (1999)
In re MILK INDIRECT PURCHASER ANTITRUST LITIGATION.
Penny Miller, Appellant,
v.
Marigold Foods, Inc., et al., Land O'Lakes, Inc., Geo. Benz & Sons, Inc., d/b/a Oak Grove Dairy, Schroeder Milk Company, Inc., K & P Co., Inc., et al., Respondents.
No. C9-98-1604.
Court of Appeals of Minnesota.
February 9, 1999.
*773 Stewart C. Loper, Mary F. Seymour, Loper & Seymour, P.A., St. Paul, and Shawn M. Perry, Stewart R. Perry, Shane C. Perry, Perry, Perry & Perry, Minneapolis, for appellant.
Todd Wind, Jerome B. Pederson, Fredrikson & Byron, P.A., Minneapolis, for respondents Marigold Foods, Inc., et al.
Alan H. Maclin, Briggs & Morgan, P.A., St. Paul, for respondent Geo. Benz & Sons, Inc., d/b/a Oak Grove Dairy.
James L. Volling, Faegre & Benson, L.L.P., Minneapolis, for respondent Schroeder Milk Co., Inc.
Gary A. Hansen, William L. Sippel, Steven G. Mahon, Doherty, Rumble & Butler, P.A., Minneapolis, for respondent Land O'Lakes, Inc.
Joseph M. Sokolowski, Parsinen, Kaplan, Levy, Rosberg & Gotlieb, Minneapolis, for respondents K & P Co., Inc., et al.
Peter E. Moll, Howrey & Simon, Washington, D.C., for respondent Land O'Lakes, Inc.
Considered and decided by DAVIES, Presiding Judge, KLAPHAKE, Judge, and AMUNDSON, Judge.

OPINION
DAVIES, Judge.
Appellant argues that her second amended class-action complaint, dismissed by the district court for failure to state a claim, sets forth a legally sufficient claim for relief under the state antitrust statute and that it pleads fraudulent concealment with sufficient particularity to avoid summary judgment on statute-of-limitation grounds. Appellant also argues that the district court erred by applying an incorrect pleading standard to her antitrust claims. We reverse and remand.

FACTS
Appellant Penny Miller filed a class-action complaint alleging that respondents Marigold Foods, Inc. (Marigold), Marigold Venture, Inc. d/b/a Franklin Foods, Land O'Lakes, Inc., Geo. Benz & Sons, Inc. d/b/a Oak Grove Dairy, Inc., Schroeder Milk Co., Inc., and K & P Company, Inc. d/b/a Polka Dot Dairy, Inc., conspired to fix the price of milk and milk products in violation of the state antitrust statute and that they fraudulently concealed the conspiracy from the public, thus tolling the statute of limitations.
Appellant amended her complaint to incorporate a sworn statement from John Doyle, a retired Marigold vice-president. Doyle stated that Marigold regularly conspired with the other respondents to: (1) establish a common price to be paid to suppliers of raw *774 milk after monthly federal milk marketing orders were issued; (2) set a minimum price to charge retailers for processed milk; (3) allocate customers in a noncompetitive manner; and (4) threaten any conspirator that attempted to "break ranks" with the others.
The district court dismissed the first amended complaint without prejudice, holding that antitrust claims must be pleaded with greater specificity than is normally required by the liberal "notice pleading" rule, Minn. R. Civ. P. 8.01. The court noted that, while appellant alleged that various employees of respondents illegally agreed to fix the price of milk, she did not specifically allege "who did what or specifically how * * * [or] when the alleged activities took place." In addition, the court held that appellant's claims of fraudulent concealment in this first amended complaint were not pleaded with sufficient particularity to defeat the statute-of-limitations defense.
Just four days after the dismissal of the first amended complaint, appellant filed a second amended complaint, which the district court also dismissed, this time with prejudice. Adhering to his view that antitrust claims must be pleaded with greater specificity than other claims, the court held that appellant's second amended complaint still did not contain sufficiently detailed allegations of illegal activity within the statutory period to meet the required standard.
The court noted that the statute-of-limitations issue was moot because the complaint had been dismissed on other grounds, but nonetheless commented (without ruling on the issue) that the second amended complaint contained "sufficient allegations to support the claim of fraudulent concealment." This appeal followed.

ISSUES
I. Did the district court err in holding that antitrust allegations must be pleaded with greater specificity than is generally required by Minn. R. Civ. P. 8.01?
II. Did the district court err by dismissing appellant's second amended complaint for failure to state a legally sufficient claim for relief under the antitrust statute?
III. Was the district court's comment regarding appellant's fraudulent concealment claim a reviewable decision?

ANALYSIS

I.
Pleadings generally must consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Minn. R. Civ. P. 8.01; see also id. 8.05 (pleadings must be "simple, concise, and direct"). Pleadings that fail to state a claim upon which relief can be granted must be dismissed. Id. 12.02(e).
The district court held that antitrust claims must be pleaded with greater specificity than is otherwise required by rule 8.01 and dismissed appellant's complaint because it "failed to allege her [antitrust] cause of action with sufficient particularity." We review de novo the purely legal issue of whether antitrust claims are subject to a heightened standard of specificity in pleading. See Frost-Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n, 358 N.W.2d 639, 642 (Minn.1984) (legal issues reviewed de novo).
This is an issue of first impression in Minnesota. But "Minnesota antitrust law is interpreted consistently with federal caselaw developed under the Sherman [Antitrust] Act," so federal court decisions constitute controlling authority on this issue. State by Humphrey v. Road Constructors, Inc., 474 N.W.2d 224, 225 n. 1 (Minn.App.1991), review denied (Minn. Oct. 31, 1991). In federal court, notice pleading is sufficient for all causes of action unless otherwise specified in the rules of civil procedure. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-69, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993); see also Nagler v. Admiral Corp., 248 F.2d 319, 322-23 (2d Cir.1957) ("[T]he federal rules contain no special exceptions for antitrust cases."). There are no special requirements for Minnesota antitrust claims under the rules of civil procedure. See, e.g., Minn. R. Civ. P. 9.01-9.08 (listing special matters subject to heightened pleading standard).
*775 From our review of federal caselaw, we conclude that antitrust claims are not subject to a heightened standard of specificity in pleading. See Quality Foods de Centro Am., S.A. v. Latin Am. Agribus. Dev. Corp., 711 F.2d 989, 995 (11th Cir.1983) ("It is now well accepted that notice pleading is all that is required for a valid antitrust complaint."); Fusco v. Xerox Corp., 676 F.2d 332, 337 n. 7 (8th Cir.1982) ("The liberal rules of pleading embodied in Fed.R.Civ.P. 8 are as applicable to claims in antitrust * * * cases as they are in any other case."); Corey v. Look, 641 F.2d 32, 38 n. 10 (1st Cir.1981) ("There is no reason for the courts to revert to the technical concepts of pleading that existed prior to the adoption of the federal rules in order to solve the inherent difficulties of antitrust action.") (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1228 (1969)); Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc., 627 F.2d 919, 924 (9th Cir.1980) ("There is no special rule requiring more factual specificity in antitrust pleadings."); George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 554 (2d Cir.1977) (A "short plain statement of a claim for relief which gives notice to the opposing party is all that is necessary in antitrust cases, as in other cases under the Federal Rules."); Gross v. New Balance Athletic Shoe, Inc., 955 F.Supp. 242, 244 (S.D.N.Y.1997) ("The burden on a plaintiff alleging federal antitrust violations is no greater than the burden faced by a plaintiff alleging any [other] cause of action * * *.").
The cases cited by respondents for the proposition that antitrust claims are subject to a heightened standard of pleading are inapposite. For example, in Five Smiths v. National Football League Players Ass'n, the federal district court dismissed an antitrust complaint that did not specify: (1) the nature of the alleged price-fixing agreement; (2) the parties to that agreement; or (3) the way that agreement operated to fix prices. Five Smiths v. National Football League Players Ass'n, 788 F.Supp. 1042, 1048 (D.Minn.1992). This holding reflects the general rule that, absent a statement of "the facts constituting the conspiracy, its object and accomplishment," general allegations of conspiracy are not pleaded with sufficient specificity and should be dismissed. Id. (quoting Baxley-DeLamar Monuments v. American Cemetery Ass'n, 843 F.2d 1154, 1156 (8th Cir. 1988)).
This is hardly a novel concept. Courts are always able to dismiss pleadings consisting solely of vague or conclusory allegations, wholly unsupported by fact. See, e.g., Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 528 n. 17, 103 S.Ct. 897, 903 n. 17, 74 L.Ed.2d 723 (1983) (court in antitrust case retains "power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed"). Five Smiths and the other cases cited by respondents simply reflect this truism and do not support respondents' argument that antitrust claims must be pleaded with greater specificity than other claims.
Antitrust allegations need not be pleaded with any greater degree of specificity than is generally required by Minn. R. Civ. P. 8.01. The district court's decision to the contrary is incorrect.

II.
A complaint failing to state a claim upon which relief can be granted must be dismissed. Minn. R. Civ. P. 12.02(e). An appellate court reviewing a complaint dismissed for that reason
must only determine whether the complaint sets forth a legally sufficient claim for relief. A claim prevails against a motion to dismiss if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded.
Geldert v. American Nat'l Bank, 506 N.W.2d 22, 25 (Minn.App.1993) (citations omitted), review denied (Minn. Nov. 16, 1993). A complaint's allegations must be accepted as true and viewed in the light most favorable to the plaintiff. North Star Legal Found. v. Honeywell Project, 355 N.W.2d 186, 188 (Minn.App.1984), review denied (Minn. Jan. 2, 1985).
The Supreme Court has noted that

*776 in antitrust cases, where "the proof is largely in the hands of the alleged conspirators," dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly.
Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976) (quoting Poller v. Columbia Broad. Sys. Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962)). Consistent with these Supreme Court precedents, we will not preclude a party that has filed a good-faith complaint, setting forth a legally cognizable claim for relief, from proceeding with at least some discovery. This is especially true when the complaint alleges conspiratorial violations of the antitrust statute, which, by their very nature, are concealed from public scrutiny.
In Minnesota, a plaintiff alleging violation of the antitrust statute must demonstrate the existence of "[a] contract, combination, or conspiracy between two or more persons in competition" for the purpose of fixing or maintaining the market price of any commodity. Minn.Stat. § 325D.53, subd. 1(1)(a) (1998). Appellant's second amended complaint does exactly what is required by the statute. It specifically alleges that respondents conspired to: (1) establish a common price to pay for raw milk; (2) set a minimum retail price for processed milk; (3) allocate customers; and (4) prevent any party to the conspiracy from introducing price competition.
The complaint identified the mechanism by which respondents implemented their alleged price-fixing scheme, asserting that respondents' employees regularly made telephone calls to each other and held face-to-face meetings after monthly federal milk marketing orders were issued. The complaint alleged that, at these meetings, respondents agreed on the price they would pay their suppliers for raw milk, the minimum retail price for processed milk sold by any respondent, and the time at which price information would be released to retail merchants. The complaint identifies specific employees who participated in these discussions.
The complaint also specifically states when respondents' allegedly illegal activities occurred. According to Doyle's statement (attached to and incorporated in the complaint), price-fixing discussions likely began before he became involved in 1985 and continued until at least 1991, when he left Marigold, and likely continued thereafter. The complaint also details the process by which respondents allegedly allocated customers in a non-competitive manner and the techniques used to keep all conspirators "in line." We believe that appellant's second amended complaint sets forth a legally sufficient claim for relief under the antitrust statute and should not have been summarily dismissed.
We are aware that trial courts often perceive a dilemma when considering a motion to dismiss a complaint based on adequacy of the pleadings. Granting the motion may unfairly deny the plaintiff the opportunity to engage in discovery, but denying the motion may subject the defendant to an unjustified "fishing expedition" by plaintiff's counsel.
The risk of discovery "fishing expeditions" is better controlled, however, by the trial court exercising its discretion to manage the breadth and depth of discovery. District courts should prevent discovery abuses directly, rather than indirectly through rule 12 dismissal. See Minn. R. Civ. P. 26.02 (court may limit discovery that is unreasonably cumulative or duplicative, obtainable from another more convenient source, or unduly burdensome or expensive); Minn. R. Civ. P. 26.03 (court may issue protective order limiting terms, conditions, scope, or method of discovery as justice requires); Minn. R. Civ. P. 26.07 (court may sanction party engaging in inappropriate discovery). The district court, on remand, retains its inherent authority to control discovery in this case as in any other.
Because appellant's second amended complaint sets forth a legally sufficient claim for relief under the antitrust statute, it was error as a matter of law to dismiss the complaint.

III.
We decline to review whether appellant's second amended complaint also contained "sufficient allegations to support the claim of fraudulent concealment." We only *777 review issues ruled on by the district court. Thiele v. Stich, 425 N.W.2d 580, 582 (Minn. 1988). The district court did not actually rule on the adequacy of the pleadings of fraudulent concealment. Instead, the court determined that the issue was rendered moot by the dismissal of the underlying antitrust allegations. The court's comment on fraudulent concealment is, therefore, without legal significance.

DECISION
The district court's decision that antitrust allegations must be pleaded with a greater degree of specificity than is generally required by Minn. R. Civ. P. 8.01 is incorrect. Applying this improper standard, the court erroneously concluded that appellant's second amended complaint did not set forth a legally sufficient claim for relief under the state antitrust statute. Because the court did not actually rule on whether the pleadings of fraudulent concealment were adequate, we do not review that issue.
Reversed and remanded.